UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHEEM WILCOX,

    Plaintiff,

v.

SGT. J. MARTINEZ,

    Defendant.

Civ. No. 18-8032 (KM) (CLW)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Raheem Wilcox, is a state prisoner currently incarcerated at East Jersey State Prison, in Rahway, New Jersey. He is proceeding pro se with an amended civil rights complaint pursuant to 42 U.S.C. § 1983. This Court previously granted Mr. Wilcox's leave to proceed *in forma pauperis*. (DE 8.) This Court must now review the amended complaint, under 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, Mr. Wilcox's amended complaint will be dismissed.

## II. BACKGROUND AND ALLEGATIONS

The amended complaint names as the sole defendant Sergeant J. Martinez. (DE 17-1, at 4.) Mr. Wilcox is suing Sergeant Martinez in both his individual and official capacities for alleged violations of Mr. Wilcox's First and Fourteenth Amendment rights. (*Id.* at 1.) Mr. Wilcox explains that on July 10, 2017, while he was employed as a wing barber at East Jersey State Prison, he filed a grievance requesting a pay increase for all wing barbers. (DE 17-2, at 12.)

Mr. Wilcox requested wing barbers be paid the same amount as "down under school barbers." (*Id.*) Initially, the administration informed Mr. Wilcox that wing barbers would be given a raise to match that of the other barbers. (*Id.*) However, the administration later issued a correction advising Mr. Wilcox that wing barbers would not receive a pay increase, but rather that the administration would decrease the other barbers' salaries to match the pay rate of wing barbers. (*Id.*) On September 9, 2017, Mr. Wilcox filed another grievance requesting that the administration permit all barbers to work seven days a week, rather than five, in order to accommodate individuals who "may not get a hair cut during the week or get a visit because of extenuating circumstances." (*Id.* at 21.) On October 11, 2017, the administration informed Mr. Wilcox that there were no seven-days-a-week jobs in the prison, but that "all efforts will be made to accommodate those [prisoners] due to 'extenuating circumstances.'" (*Id.*) Mr. Wilcox asserts that Sergeant Martinez would have been aware of these grievance requests because Sergeant Martinez was the supervisor of the wing barbers. (DE 17-1, at 8.)

Several months later, on January 23, 2018, Mr. Wilcox asked Sergeant Martinez for a refill of Barbicide disinfectant and plastic gloves in order to clean the clipper guards. (DE 17-2, at 1.) He also requested that the clipper guards be inspected because they had been pulling on the inmates' hair. (*Id.*) Sergeant Martinez instructed Mr. Wilcox direct his requests to another inmate, Wali Watlington. (*Id.*) Mr. Wilcox informed Sergeant Martinez he already requested these items from Watlington several times, but Watlington had repeatedly ignored his requests. (*Id.*) Later that same day, Sergeant Martinez instructed Watlington to pick up the barber toolbox, including the clipper guards, to be serviced. (*Id.* at 2.) When Mr. Wilcox retrieved the toolbox on January 24, 2018, Sergeant Martinez accused Mr. Wilcox of not keeping the clipper guards clean. (*Id.*) Sergeant Martinez told Mr. Wilcox that the clipper guards had shown signs of

corrosion and contained traces of hair. (*Id.*) On January 25, 2018, Sergeant Martinez fired Mr. Wilcox from his position as barber. (*Id.*)

On January 26, 2018, Mr. Wilcox filed a grievance regarding his firing with Superintendent Calvin Spires. (*Id.*) Mr. Wilcox stated that he was unfairly terminated in retaliation for his request for a pay increase and asked to be reconsidered for his job. (*Id.*) Mr. Wilcox separately filed a grievance with Major Jones, asserting the same allegations. (*Id.* at 10.) On February 14, 2018, Major Jones instructed Mr. Wilcox to reapply for the wing barber position if the position had not yet been filled. (*Id.*) Mr. Wilcox states that prior to Major Jones's response, the position had been open, but that after receiving Major Jones's response, Mr. Wilcox informed Jones that it had already been filled. (*Id.*) On April 13, 2018, Mr. Wilcox's request to Mr. Spires for reinstatement was denied. (*Id.* at 1.)

Mr. Wilcox also indicates that, as a result of not having been provided with gloves to clean the clipper guards, he contracted a skin lesion on his hand. (*Id.*) Mr. Wilcox states that he was treated for this skin lesion on January 3, 2018. (*Id.*)

In April 2018, Mr. Wilcox filed a complaint pursuant to 42 U.S.C. § 1983. (DE 1.) Upon an initial screening, I dismissed Mr. Wilcox's complaint without prejudice for failure to state a claim upon which relief could be granted. (DE 10, 11.) Shortly thereafter, Mr. Wilcox filed his first amended complaint. (DE 12, 13, 14.) I again dismissed the complaint without prejudice for failure to state a claim and provided Mr. Wilcox with one final opportunity to amend. (DE 15.) Mr. Wilcox filed this, his second amended complaint. (DE 17.)[1] In his second amended complaint, Mr. Wilcox alleges that Sergeant Martinez violated his First and Fourteenth

---

[1] It appears that Mr. Wilcox submitted his second amended complaint twice. (DE 16, 17). Each filing contains the same allegations, except one contains additional exhibits. (DE 16, 17.) I have considered both versions and will address them as one complaint for the purposes of this opinion.

3

Amendment rights. He requests a declaration that the acts or omissions described within his second amended complaint violated his rights under the Constitution; $10,000 in compensatory damages against Sergeant Martinez; $10,000 in punitive damages against Sergeant Martinez; recovery costs; and "any additional relief this Court deems just, proper and equitable." (DE 17-1, at 5-10.)

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints when the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

Mr. Wilcox's second amended complaint raises two claims against Sergeant Martinez. First, Mr. Wilcox argues Sergeant Martinez violated his First Amendment rights by firing him in retaliation for requesting a pay increase. (DE 17-1, at 4-5.) Second, Mr. Wilcox asserts Sergeant Martinez violated Mr. Wilcox's equal protection rights under the Fourteenth Amendment by "intentionally treating him differently than other barbers similarly situated" and denying him proper cleaning supplies. (*Id.* at 5.)

### A. Official Capacity Claims

Mr. Wilcox brings his claims against Sergeant Martinez in both Sergeant Martinez's individual and official capacities. (*Id.* at 1.) Section 1983 permits actions against a "person." 42 U.S.C. § 1983. "[A] state is not a 'person' within the meaning of § 1983 . . ." *Will v. Mich. Dep't of State Police*, 491 W.S. 58, 65-66 (1989). Since a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official capacities, except to the extent that such claims seek prospective injunctive relief. *See id.* at 71 & n.1. Here, Mr. Wilcox does not seek injunctive relief, only monetary damages. (DE 17-1, at 5.) Accordingly, the claims for damages against Sergeant

5

Martinez in his official capacity are dismissed. The remaining analysis pertains to claims against Martinez in his personal capacity.

## B. First Amendment Claim

Mr. Wilcox alleges that Sergeant Martinez violated his First Amendment rights by firing him in retaliation for requesting a pay increase. (DE 17-1, at 4-5.) An incarcerated plaintiff pleads a claim for retaliation by alleging that, "(1) he engaged in constitutionally protected conduct (2) he suffered an adverse action and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, 717 F. App'x 146, 149 (3d Cir. 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001). "[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000) (internal citation and quotation marks omitted); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). It is well established that an inmate's filing of a grievance constitutes protected conduct under the First Amendment. *See Laurensau v. Romarowics*, 528 F. App'x 136, 139 (3d Cir. 2013); *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) ("Filing a formal prison grievance clearly constitutes protected activity . . ."); *see also Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

An alleged retaliatory action is considered adverse if it would be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016); *see also Watson*, 834 F.3d at 422 n.6. Whether the action in question meets this standard "is an objective inquiry and ultimately a question of fact." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012).

Once a plaintiff has shown evidence of protected conduct and an adverse action, the next requirement is showing a causal link between the two. *See Rauser*, 241 F.3d at 333. At that stage, the plaintiff first bears the burden to show that the protected conduct was a substantial or motivating factor underlying the adverse action; the burden then shifts to the defendant to show that it would have taken the same action regardless of the plaintiff's protected conduct. *See id.*; *see also Watson*, 834 F.3d at 831. Where a causal link cannot be shown with direct evidence, a plaintiff may try to satisfy the initial burden by demonstrating, "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422.

Here, Mr. Wilcox fails to sufficiently allege a causal connection between his request for a pay increase and his termination. There are no facts independently suggesting that Sgt. Martinez bore a grudge as a result of the (denied) request for a pay increase. Rather, Mr. Wilcox appears to rely solely on the time sequence of the events. (DE 17-1, at 7-9.) However, Mr. Wilcox's request for a pay increase occurred almost six months before Sergeant Martinez fired him. (DE 17-1, at 6-8.) That six-month delay, by itself, is not unusually suggestive of a retaliatory connection between the two. *See Santora v. Red Clay Consol. School Dist.*, 580 F. App'x 59, 63 (3d Cir. 2014) ("[T]he gap between [Plaintiff]'s claims and the adverse action against her was nearly five months. This is fatal to [Plaintiff]'s temporal proximity argument. We have held that a gap of even three months between events is too long to establish causation using temporal proximity." (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007)).

Absent an unusually suggestive temporal proximity, courts are instructed to examine the record as a whole for other evidence of improper motive. *See Watson*, 834 F.3d at 424 ("[W]here

7

the temporal proximity is not so close as to be unduly suggestive, the appropriate test is timing plus other evidence." (alterations in original) (internal citation and quotation marks omitted)). Here, there is none. There are no additional allegations that demonstrate a causal link between Mr. Wilcox's request for increased wages and his termination. Mr. Wilcox's "respectful request" for an increase in pay for wing barbers does not appear to have been poorly received. Indeed, the administration initially indicated that they would raise the wing barber pay rate, although they later decided to equalize pay by cutting the higher-paid barbers' rates. Additionally, Mr. Wilcox's grievance never mentioned Sergeant Martinez and did not make any allegations against Sergeant Martinez or the working conditions. There are no facts pled indicating that Sergeant Martinez was upset about Mr. Wilcox's request.

To the extent Mr. Wilcox is attempting to allege a pattern of antagonism as demonstrated by Sergeant Martinez's failure to provide him with adequate cleaning supplies, this argument is unpersuasive. Mr. Wilcox indicated in his second amended complaint that the first time he requested Barbicide or plastic gloves from Sergeant Martinez was on January 23, 2018. (DE 17-1, at 8.) Prior to that date, Mr. Wilcox stated he had been requesting these items from inmate Watlington – not from Sergeant Martinez. (*See id.*) Thus, it is unclear whether Sergeant Martinez even knew of Mr. Wilcox's request for cleaning supplies prior to January 23, 2018, let alone intentionally engaged in a pattern of antagonism.

Accordingly, Mr. Wilcox has not established a causal link between his request for a pay increase and his job termination six months later. Mr. Wilcox's First Amendment claim will be dismissed.

## C. Equal Protection Claim

Mr. Wilcox also alleges that Sergeant Martinez violated his equal protection rights by failing to provide him with the proper supplies to clean his barber tools. (DE 17-1, at 4-5.) The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The United States Supreme Court has described this as "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish an equal protection claim, a plaintiff must demonstrate that he is either a member of a protected class or a "class of one," and that he was treated differently than others who are similarly situated without any rational basis for the difference in treatment. *See Village of Westbrook v. Olech*, 528 U.S. 562, 563 (2000); *see also Oliveira v. Township of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002); *Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017); *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). Persons are considered similarly situated when they are "alike in all relevant aspects." *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted).

A successful equal protection claim requires proof that the plaintiff was subjected to intentional or purposeful discrimination. *See Hassan v. City of N.Y.*, 804 F.3d 277, 294 (3d Cir. 2015); *Shuman*, 422 F.3d at 151. A plaintiff shows discriminatory purpose by demonstrating that the defendant took the challenged action "at least partially because the action would benefit or burden an identifiable group." *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 548 (3d Cir. 2011) (citing *Pers. Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (finding that a discrimination claim requires pleading facts

that show challenged policy was adopted "not for a neutral, investigative reason but for the purpose of discrimination.").

Here, Mr. Wilcox has not demonstrated that he was a protected class or that Sergeant Martinez withheld Barbicide and plastic gloves from Mr. Wilcox because he had a discriminatory purpose intended to "benefit or burden an identifiable group." *See Doe ex rel. Doe*, 665 F.3d at 548. In fact, Mr. Wilcox has failed to allege factually that Sergeant Martinez intentionally withheld cleaning supplies at all. Mr. Wilcox indicates that the first time he requested Barbicide and plastic gloves from Sergeant Martinez was the day before Mr. Wilcox was fired. (DE 17-2, at 1.) During the months prior to that date, when Mr. Wilcox alleges he lacked the proper cleaning supplies, he had allegedly been directing his requests to inmate Watlington. Thus, there is no indication that Sergeant Martinez even knew that Mr. Wilcox was without the proper supplies or that Sergeant Martinez intentionally deprived Mr. Wilcox of those supplies. Accordingly, Mr. Wilcox's equal protection claim will be dismissed.

## V. DISMISSAL WITH PREJUDICE

In the previous Memorandum and Order I issued on September 17, 2019, dismissing Mr. Wilcox's first amended complaint without prejudice, I informed Mr. Wilcox that he would have one final opportunity to amend his pleading. (DE 15.) Since Mr. Wilcox has now had three opportunities to plead a plausible claim for relief, and because I previously cautioned Mr. Wilcox that this would be his final opportunity to do so, I will dismiss Mr. Wilcox's second amended complaint with prejudice for failure to state a claim upon which relief may be granted. *See Johnson v. Bilotta*, Civ. No. 16-8879, 2019 WL 4051876, at *4 (D.N.J. Aug. 28, 2019) (dismissing plaintiff's complaint with prejudice after providing plaintiff three opportunities to

plead a plausible claim for relief); *Velazquez v. Zickerfoose*, Civ. No. 11-2459, 2014 WL 6611058, at *7 (D.N.J. Nov. 21, 2014) (same).

## VI. CONCLUSION

Mr. Wilcox alleges that he was frustrated in his efforts to obtain a raise in pay for his conscientious performance of his job as a prison barber. Not every grievance or frustration, however, rises to the level of a constitutional claim in federal court. For the foregoing reasons, upon screening under 28 U.S.C. § 1915(e)(2)(B), Mr. Wilcox's claims against Sergeant Martinez, contained in the second amended complaint, are dismissed with prejudice. An appropriate order follows.

DATED: November 18, 2019

KEVIN MCNULTY
United States District Judge